WALLER, Chief Justice,
dissenting:
¶ 78. “Regardless of the result, this Court must enforce the articles of the Constitution as written.” Pro-Choice Mississippi v. Fordice, 716 So.2d 645, 652 (Miss.1998).
¶ 79. In Article 5, Section 124 of the Mississippi Constitution of 1890, the people [71] of Mississippi gave the governor the power to issue pardons and other forms of clemency. However, the people gave the governor this power only in certain situations. The people did not give the governor the power to pardon individuals convicted of treason or impeachment. Miss. Const, art. 5, § 124. The people did not give the governor the power, without the consent of the Senate, to remit forfeitures or to grant reprieves to those convicted of treason. Id. The people did not give the governor the power to pardon an individual before he or she has been convicted of a *420 crime. Id. And the people did not give the governor the power to pardon a convicted felon until the felon applying for pardon “shall have published for thirty days ... his petition for pardon, setting forth therein the reasons why such pardon should be granted.” Id.
¶ 80. Former Governors William L. Waller Sr. and John Bell Williams demonstrated an understanding of this limitation on the executive power. In 1974, Gov. Waller pardoned Randall Kelly Davis of the crime of “assault and battery with intent.” Order from William L. Waller, Governor of Mississippi, Pardoning Randall Kelly Davis (May 20, 1974). On the face of the pardon, Gov. Waller said that Davis had “complied with the provisions of Section 124, Article 5, Mississippi Constitution of 1890 by publishing his petition for pardon for the time and in the manner provided thereby.”[72] Id. (emphasis added). Gov. Waller noted that he was pardoning Davis on the recommendation of former Gov. John Bell Williams. Id. Gov. Williams, who preceded Gov. Waller, had granted Davis a pardon on a different crime and had commuted his sentence on the assault-and-battery conviction. Id. Gov. Waller stated in the pardon that Gov. Williams had intended to pardon Davis for the assault-and-battery conviction, but that he was “prevented” from granting the pardon because Davis had not, at that time, complied with the publication requirements of Section 124. Id.
¶ 81. The Constitution is the supreme law in our state, and “[n]o act prohibited by it can be given effectuality and validity.” Chevron U.S.A., Inc. v. State, 578 So.2d 644, 648 (Miss.1991) (quoting McGowan v. State, 185 So. 826, 829, 184 Miss. 96, 105 (1939)). The Constitution clearly states that “in cases of felony, after conviction no pardon shall be granted” until the applicant for pardon meets the publication requirement. Miss. Const, art. 5, § 124 (emphasis added). Just as the governor does not have the power to pardon an individual before conviction, he does not have the power to pardon a convicted felon before the publication requirement is met. Id. “[N]o Governor, or for that matter, any governmental official, can exercise power beyond their constitutional authority.” Barbour v. State ex rel. Hood, 974 So.2d 232, 239 (Miss.2008).
¶ 82. Certainly, no one would argue that a court could investigate and determine the wisdom or propriety of a governor’s acts, including pardons. However, the constitutionality of a governor’s acts, including pardons, is a question which the court must determine. This Court has said that, once a governor has acted, “the legality of the act is a judicial question for the courts.” Broom v. Henry, 100 So. 602, 603, 136 Miss. 132 (1924). It is within this Court’s power — indeed it is this Court’s duty — to determine whether the governor, or any government official, has acted outside his or her constitutional authority. Barbour, 974 So.2d at 239; see also Wood, 187 So.2d at 831 (“[T]his Court has the power to construe the Constitution and thus define the powers of the three branches of our Government.”).
¶ 83. For the reasons stated herein, I respectfully dissent.
RANDOLPH AND PIERCE, JJ„ JOIN THIS OPINION.

. "All political power is vested in, and derived from, the people.” Miss. Const, art. 3, § 5 (1890).

. In 1992, then-Governor Ray Mabus used identical language on the face of his pardon of a convicted burglar. Exec. Order No. 687 (Jan. 13, 1992).